but must possess personal property to the value of 150 dollars; but see U. S. v. Johnston [Case No. 15,490].

## Case No. 18,163.

### YOUNG v. MARINE INS. CO.

[1 Cranch, 452.] [1]

Circuit Court, District of Columbia. Nov. Term, 1807.

#### COMPETENCY OF JUROR.

1. In an action against an insurance company, a nephew of a stockholder is not a competent juror.

2. It is not a principal cause of challenge, that the juror has had conversations with some of the parties; but it is evidence for the consideration of triors upon a challenge for favor.

[Action by James Young against the Marine Insurance Company of Alexandria.]

Mr. James R. Riddle, being called as a juror, was objected to by the plaintiff, because he was the nephew of a stockholder in the insurance company.

The fact being agreed, THE COURT decided it was a good principal cause of challenge.

Mr. Swann, for plaintiff, cited Williams v. Delafield, 2 N. Y. T. R. [Caines] 329; Livingston v. Delafield, 3 N. Y. T. R. [Caines] 49. It was then suggested by the plaintiff's counsel that perhaps some of the persons called as jurors had had conversations with some of the parties, and hoped that such persons might be excused, or rather struck off the panels.

But THE COURT told the counsel they might challenge for favor and have it tried by triors.

Mr. Swann, for plaintiff.
Mr. C. Lee, for defendant.

## Case No. 18,164.

### YOUNG v. MARINE INS. CO.

[1 Cranch, C. C. 566.] [1]

Circuit Court, District of Columbia. July Term, 1809.

#### DISCHARGE OF JURY.

If a juror in a civil cause be taken suddenly ill, the jury may be discharged, and the cause may be continued to the next term.

[Action by James Young against the Marine Insurance Company of Alexandria.]

In this case the jury had been out three days and two nights without separating, or agreeing, and on Friday last, the court finding them in a state of fixed disagreement, allowed them, (with the assent of the counsel for the defendants, and with an intimation on the part of the plaintiff's counsel that no advantage would be taken by the plaintiff, but he would not consent,) to separate until Monday, (this day) having charged them to hold no conversation with any person out of court upon the subject of this suit. This morning Dr. Dick, a physician, came into court, and stated that one of the jurymen (Mr. Mandeville) was too ill of a bilious attack to attend without danger to his life, and he did not think he would be able to attend for several days. The court having sat four weeks, and expecting to rise this week, and it being stated by the other jurors that there was no probability that they could agree, and the jury being called, and Mr. Mandeville not appearing, THE COURT discharged the other jurors and continued the cause.

YOUNG (METROPOLITAN WRINGING MACH. CO. v.). See Case No. 9,508.

## Case No. 18,165.

### YOUNG v. MILLER.

[Cited in Glover v. Shepperd, 15 Fed. 839. Nowhere reported; opinion not now accessible.]

YOUNG (MILLER v.). See Case No. 9,596.

## Case No. 18,166.

### YOUNG et al. v. MONTGOMERY & E. R. CO. et al.

[2 Woods, 606; [1] 3 Am. Law T. Rep. (N. S.) 91.]

Circuit Court, M. D. Alabama. June, 1875.

BONDS INDORSED BY STATE—FORECLOSURE SUIT—STATE AS PARTY — SUBROGATION TO STATE'S RIGHTS — AUTHORITY OF GOVERNOR — SUIT BY JUNIOR MORTGAGEES—APPOINTMENT OF RECEIVER—PROPERTY IN CUSTODIA LEGIS.

1. It is not necessary to aver matter of law or public statute, of which the court takes judicial notice.

2. Where a state is concerned in the subject matter of the suit, it should be made a party, if that can be done: but the fact that the state cannot be sued is a sufficient excuse for not making it a party.

3. Where a state was an indorser of bonds secured by a statutory mortgage, it was not considered a necessary party in a suit brought by holders of bonds secured by the mortgage to foreclose the same.

4. A state indorsed the bonds of a railroad company, and was indemnified against loss on account of the indorsement by a statutory mortgage on the railroad property. Held, that the fact that the state could not be sued was no reason why the holders of the bonds so indorsed should not be subrogated to the rights of the state and have the benefit of the security.

[Cited in Western Div. of Western N. C. R. Co. v. Drew, Case No. 17,434; Tompkins v. Little Rock & Ft. S. Ry. Co., 21 Fed. 381.]

[Cited in brief in Poland v. Lamoille V. R. Co., 52 Vt. 159.]

5. An act of the legislature authorized the governor to indorse in behalf of the state the

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]